**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| SHEARLDINE MARIE ALLFREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. ACT. NO. 1:22-cv-496-TFM-N |
| ) | |
| FAIRHOPE MOTORCOACH RESORT ) | |
| CONDOMINIUM OWNERS ) | |
| ASSOCIATION, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is *Plaintiff's Motion for Jury Trial Pursuant to Fed. R. Civ. P. 39(b), or in the Alternative Plaintiff's Rule 15 Motion to Amend Complaint* (Doc. 82, filed 11/6/24). Defendant timely filed its response in opposition and Plaintiff timely filed her reply. Docs. 92, 95. On December 17, 2024, the Court held a hearing during which it denied the motion with written order to follow. Doc. 103. This is that order.

**I.   PROCEDURAL BACKGROUND**

Just over two years ago, on December 16, 2022, Plaintiff filed her complaint in this matter. Doc. 1. Though counsel checked the box on the civil cover sheet for a jury demand, the complaint itself did not include a jury demand. *See id.* On April 26, 2023, the Magistrate Judge held a scheduling conference. *See* Doc. 29. During that conference, the Magistrate Judge clearly discussed with the parties the issue of jury versus non-jury trial and indicated that the parties could brief the issue. *See* Doc. 105 at 11-16. A few days after the scheduling conference, on May 1, 2023, the Magistrate Judge entered the following text order: "The undersigned hereby RESCINDS the briefing schedule announced at the April 26, 2023 scheduling conference on whether this is to

be a jury action. The issue will be addressed in the Court's forthcoming scheduling order." Doc. 32. On May 4, 2023, the Magistrate Judge issued the "Order of Limited Consolidation (Discovery) & Rule 16(b) Scheduling Order." *See* Doc. 34. In that order, the Magistrate Judge clearly discussed that this case was set for a non-jury trial and included a detailed explanation which stated:

> The Kris Allfrey complaint includes a jury demand. (See 1:22-cv-00499 PageID.31). On the other hand, no party demanded a jury in the Heimkes or Shearldine Allfrey pleadings. While the form Civil Cover Sheets accompanying the Heimkes and Shearldine Allfrey complaints, see S.D. Ala. CivLR 3(a) each have "yes" checked as to whether there is a "jury demand," those forms make clear that "yes" is only a valid answer if a jury is "demanded in [the] complaint." (See 1:22-cv-00448, Doc. 1-10; 1:22-cv-00496 PageID.145).
>
> In the Heimkes and Shearldine Allfrey planning reports—both of which are signed by counsel for all parties—the parties state that those cases are "jury actions." (see 1:22-cv-0488 PadgeID.1623; 1:22-cv-00496 PageID.539). However, at the April 26 hearing, defendants' counsel, belatedly noting the lack of jury demand in the Heimkes complaint, claimed their characterization of the case as a "jury action" in the planning report was due to oversight.
>
> Even if the Heimkes and Shearldine Allfrey planning reports could each be construed as jury demands by the plaintiffs in those actions, they were untimely under Fed. R. Civ. P. 38(b) because they were filed more than 14 days after Fairhope Motorcoach Resort Condominium Owners Association, Inc. filed its answers in those cases. Thus, because they were not "properly served and filed[,]" the Heimkes and Shearldine Allfrey plaintiffs "waive[d] a jury trial" in their cases. Fed. R. Civ. P. 38(d). And since Fairhope Motorcoach Resort Condominium Owners Association, Inc. also did not timely demand a jury in either case, the Heimkes and Shearldine Allfrey cases will be set for non-jury actions.
>
> To the extent any party in the Heimkes and Shearldine Allfrey cases still desires a jury trial, that party must file a motion for a belated jury request. See Fed. R. Civ. P. 39(b) ("Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."); *Parrott v. Wilson*, 707 F.2d 1262, 1267-68 (11th Cir. 1983) (setting out standards governing belated jury requests under Rule 29(b)).

*Id.* at 4-5, n.3. This was reiterated in the "First Order Modifying Rule 16(b) Scheduling Order" issued on January 11, 2024. *See* Doc. 43 at 3 (stating "The first sentence of section 3 ("TRIAL")

is modified to state as follows (footnotes omitted): "The *Heimkes* and *Shearldine Allfrey* cases are each set for a **non-jury** trial . . ..) (emphasis in original).

In her motion, Plaintiff argues that the failure to include a jury demand was a mere scrivener's error. *See* Doc. 82 at 2. Plaintiff also claims that the civil cover sheet attached to the complaint, which marked "yes" for jury demand, is sufficient to constitute a jury demand for trial. *Id.* at 6. Plaintiff further argues in her reply that "[t]he length of the purported 'delay' . . . is explained by the fact that the various counsel hired to be lead counsel, due to Eaton's then already failing health, were never made aware of such failure[,]" and that "Plaintiff was certainly not aware of such failure until Todd Kelly after being allowed to appear pro hac vice, entered the case and deposed Defendant's directors." Doc. 95 at 9. Though not particularly relevant to the history or legal analysis, Plaintiff's new additional counsel further argued at the hearing on December 17, 2024, that he would not have come on to the case if it were not a jury trial.

## II.     DISCUSSION AND ANALYSIS

First, the Court notes that even if the failure to include a jury demand was a mere scrivener's error, as Plaintiff suggests, the time to fix such error has long passed. The Magistrate Judge clearly laid out in the scheduling order entered on May 4, 2023, that this case was set for a non-jury trial, and that if either party desired a jury trial, they should file a motion pursuant to Fed. R. Civ. P. 39(b). Neither party filed such a motion until November 6, 2024—over a year and a half later. Additionally, Plaintiff's assertion that checking "yes" to jury demand on the civil cover sheet is sufficient to state a jury demand fails, as the civil cover sheet clearly states: "The JS 44 civil cover sheet and the information herein neither replace nor supplement the filing and service of pleadings or other papers as required by law . . .." *See* Doc. 1.

Next, Plaintiff attempts to blame the delay in recognizing the error and filing the motion on Plaintiff's Counsel's illness. While the Court is sympathetic to Mr. Eaton's health struggles, they do not serve as an excuse here. The issue was first identified at the April 26, 2024 scheduling conference. *See* Doc. 31. And while it might have seemed that the Magistrate Judge was trending towards the Plaintiff receiving a jury trial, it became clear with the subsequent order rescinding the jury trial briefing, followed by the detailed discussion in the scheduling order, that this matter was set for a non-jury trial. *See* Docs. 32, 34. Two days after the Court's May 4, 2023 scheduling order, Mr. Eaton served initial disclosures on Defendant. Mr. Eaton was clearly active in the case at that time, had reviewed the scheduling order, and therefore should have been aware that this matter was set for a non-jury trial and that he would need to file a motion if he wanted a jury trial. No additional attorneys were brought on in the matter until January 2024. If Mr. Eaton's illness prevented him from filing the necessary motion for a jury trial, he could have brought help on earlier or notified the Court of his intent to file such a motion, and his need for additional time to bring on other counsel to assist him in filing such motion. Instead, Mr. Eaton remained as counsel in this matter and did not file a motion for a jury trial.

Fed. R. Civ. P. 38(b)(1) provides: "On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand—which may be included in a pleading—not later than 14 days after the last pleading directed to the issue is served . . .." However, "[a] party waives a jury trial unless its demand is properly served and filed." FED. R. CIV. P. 38(d). "Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." FED. R. CIV. P. 39(b). The general rule is that the trial court "should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Swofford v. B&W, Inc.*, 3336

F.2d 406, 308 (5th. Cir. 1964), *cert. denied*, 379 U.S. 962, (1965).[1] The factors governing belated jury demands are:

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

*Parrott v. Wilson*, 707 F.2d 1262, 1267-68 (11th Cir. 1983).

The *Parrott* factors need not be weighed equally, and, "[i]n balancing these factors, a court should give considerable weight to the movant's excuse for failing to make a timely jury request." *United States v. One Parcel of Prop.*, Civ. Act. No. 2:07-cv-694-MEF, 2009 U.S. Dist. LEXIS 119402, at *3-4 (M.D. Ala. Dec. 23, 2009). "If the failure is due to mere inadvertence on the movant's part, then generally a district court may deny the motion without fear of reversal." *Id.* (citing *Parrott*, 707 F.2d at 1267).

In *Parrott*, the Eleventh Circuit affirmed the district court's denial of plaintiff's motion for jury trial where the Plaintiff filed her motion pursuant to Fed. R. Civ. P. 39(b) approximately a year and a half after the defendants answered her original complaint. *Parrott*, 707 F.2d at 1267. Similarly, in *Fair Fight Inc. v. Vote*, the district court denied a Rule 39 motion filed approximately two and a half years after litigation commenced where the movant's justification for the delay was that they "did not realize they were to proceed by bench trial." *Fair Fight Inc. v. Vote*, Civ. Act. No. 2:20-cv-00302-SCJ, 2023 WL 11909714, 2023 U.S. Dist. LEXIS 241344, at *13 (N.D. Ga. Sept. 13, 2023).

In this case, Plaintiff should have been aware by May 4, 2023, at the very latest, that this

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

matter was set for a non-jury trial. Yet Plaintiff waited approximately 18 months after that date before filing her motion for a jury trial. The only excuse Plaintiff offers is that it was an "honest error on Counsel's part." Doc. 82 at 13. The Court finds this excuse uncompelling, as the Court clearly informed the parties that this matter was to be set as a non-jury trial on May 4, 2023, and that if the parties desired a jury trial, they would need to file a motion indicating as such. Doc. 34. Despite the order on May 4, 2023, Plaintiff did not file her motion for a jury trial until November 6, 2024. During that time, the parties engaged in discovery and Defendant operated under the understanding that this matter was set for a non-jury trial. The parties in this case have already been granted several extensions regarding discovery. This matter was initiated in December 2022, and two years later has just reached the summary judgment stage. Setting this matter for a jury trial at this stage may result in even further delay and expense, as Defendant may need additional time and discovery to reevaluate its approach to a jury trial rather than the non-jury one it had been preparing for. Therefore, the Court finds that the second, third, fourth, and fifth factors weigh in favor of denying Plaintiff's motion.

With regard to the first factor, the Court is well able to hear the evidence, determine the facts, and apply the law. The facts in this case are well-established and substantially agreed upon by the parties, and the majority of the issues to be decided are questions of law. Though the Court is certain there are some facts that will be debated and fleshed out, that alone is not enough to grant the Plaintiff's motion. Therefore, the Court finds this factor is neutral.

Thus, the Court finds that the balance of the *Parrott* factors weighs in favor of denying Plaintiff's motion for a jury trial. Though the later appearing Counsel may have been misinformed, the Plaintiff's Counsel who has been involved from the beginning was well-noticed of error and the manner in which to correct it. The length of delay and the Plaintiff's excuse for the delay,

especially given the Court's identification of the issue by May 4, 2023, are particularly strong and compelling reasons in favor of denial.

## V.   CONCLUSION

Accordingly, Plaintiff's motion for jury trial (Doc. 82) is **DENIED**.  This matter remains set for a non-jury trial.

**DONE** and **ORDERED** this 8th day of January, 2025.

                                       /s/ Terry F. Moorer
                                       TERRY F. MOORER
                                       UNITED STATES DISTRICT JUDGE