IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHEARLDINE MARIE ALLFREY,    ) | |
| ) | |
| **Plaintiff,**    ) | |
| ) | |
| v.    ) | CIV. ACT. NO. 1:22-CV-496-TFM-N |
| ) | |
| FAIRHOPE MOTORCOACH    ) | |
| RESORT CONDOMINIUM OWNERS  ) | |
| ASSOCIATION, INC.,    ) | |
| ) | |
| **Defendant.**    ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are cross motions for summary judgment: Defendant Fairhope Motorcoach Resort Condominium Owners Association, Inc.'s *Motion for Summary Judgment* (Doc. 99, filed 12/13/24) and *Plaintiff's Motion for Partial Summary Judgment* (Doc. 100, filed 12/13/24). Each party timely submitted their respective responses and replies. *See* Docs. 109, 113, 116, 117. Having considered the motions, responses, replies, evidentiary submissions in support of the motions, and relevant law, the Court finds both motions are due to be denied.

### I.    JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this action pursuant to U.S.C. § 1331 (federal question). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events that gave rise to the claims in this matter occurred in this judicial district.

The parties do not contest jurisdiction or venue, and the Court finds sufficient support exists for both.

### II.    STANDARD OF REVIEW

"The Court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "[T]he substantive law will identify which facts are material." *Id.* at 248. At the summary judgment stage, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Id.* at 249. The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th Cir. 1992) (internal citations and quotations omitted). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) (citing *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993)). For factual issues to be considered genuine, they must have a real basis in the record. *Id.*

  The party asking for summary judgment bears the initial burden of showing the material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-23. A party must support its assertion that there is no genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations…admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). The

admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County,* 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980).

"When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (internal quotations omitted)(citing *Celotex*, 477 U.S. at 324). The court must view facts and draw all reasonable inferences in favor of the non-moving party. *Moore v. Reese*, 637 F.3d 1220, 1231 (11th Cir. 2011) (citing *Rosario v. Am. Corrective Counseling Servs., Inc.*, 506 F.3d 1039, 1043 (11th Cir. 2007)). However, to avoid summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likely insufficient to defeat a proper motion for summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

Finally, Fed. R. Civ. P. 56(e) also provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

### III.     BACKGROUND

A. Procedural Background

On December 16, 2022, Plaintiff Shearldine Marie Allfrey ("Plaintiff" or "Allfrey") filed her Complaint with this Court against Fairhope Motorcoach Resort Condominium Owners Association, Inc. ("FMRCOA" or "Defendant"). Doc. 1. Plaintiff's Complaint asserts two counts against Defendant: violation of the Americans with Disabilities Act ("ADA") (Count I) and denial of a reasonable accommodation under the Fair Housing Act ("FHA") (Count II). Doc. 1.

On December 16, 2022, Plaintiff also filed a Motion for Temporary Restraining Order and Preliminary Injunction. *See* Doc. 2. Defendant filed a response in opposition. Doc. 9. The Court denied the request for a temporary restraining order and set a hearing on the motion for preliminary injunction. Doc. 5. On January 6, 2023, the Court held a hearing on the motion for preliminary injunction. After the hearing, the parties filed their respective proposed findings of facts and conclusions of law. Docs. 15, 16. On April 25, 2023, the Court entered an order denying Plaintiff's motion for preliminary injunction. Doc. 30.

On May 4, 2023, the Court consolidated this case with the companion case, *Heimkes v. Fairhope Motorcoach Resort, Inc.*, Civ. Act. No. 22-cv-448-TFM-N for the limited purpose of discovery. Throughout the discovery process the parties had numerous discovery disputes in both cases which were resolved by the Court. The discovery disputes reached a pinnacle when Defendant filed its motion to dismiss as a requested discovery sanction, which was ultimately withdrawn after Plaintiff complied with the Magistrate Judge's discovery orders. *See* Docs. 66, 72, 189.[1]

---

[1] The document numbers reference the document numbers in the *Heimkes* case, as the motion to dismiss related to discovery issues and the cases were consolidated for discovery. The motion was

On November 6, 2024, Plaintiff filed a motion for jury trial or alternative motion to amend the complaint to add a jury demand. Doc. 82. Defendant filed its response in opposition, and Plaintiff filed a reply. Docs. 92, 95. On December 17, 2024, the Court held a hearing on the motion and orally denied the motion with written opinion to follow. On January 8, 2025, the Court entered that written opinion and order denying the motion for jury trial. Doc. 108. The Court extensively laid out the history in this case surrounding the jury/non-jury issue in its opinion, which the Court will not rehash here. *See id.* at 1-3. The Court informed the parties that this matter would be set for a non-jury (bench) trial. *See id.* at 7.

On December 13, 2024, the parties filed their respective motions for summary judgment. *See* Docs. 99, 100. Plaintiff moves for partial summary judgment, arguing that she is entitled to injunctive and declaratory relief on her claims, with the Court retaining jurisdiction for a trial on damages. Doc. 100 at 1. Defendant argues that it is entitled to summary judgment in its favor on all of Plaintiff's claims for the following reasons:

- Plaintiff's claim for discrimination under the ADA is time-barred by the statute of limitations;

- FMRCOA is not subject to the ADA, therefore Plaintiff's claims under the ADA are due to be dismissed; and

- FMRCOA did not discriminate against Plaintiff under the FHA.

*See* Doc. 99. After receiving the briefing related to the cross motions for summary judgment, the Court finds that oral argument would not be helpful and that the motions are ripe for review.

**B.     Factual Background**

As an initial matter, the Court notes that Plaintiff failed to include a statement of undisputed facts in her motion for summary judgment. *See* Doc. 100. In her response to Defendant's motion

---

only filed on the docket sheet in the *Heimkes* case pursuant to the consolidated discovery order, though it also pertained to this case.

for summary judgment, Plaintiff does include a "General Statement of Facts[,]" though that section does not include citations to the record/evidence and appears to include statements of law. *See* Doc. 113 at 8-9. Thus, the "General Statement of Facts" cannot be construed as a statement of undisputed facts. The Court does note that Plaintiff argues in the introduction section of her response that there is a genuine issue of material facts. *See* Doc. 113 at 1.

As noted above in the Standard of Review, Fed. R. Civ. P. 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed— show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e). Thus, the Court would be well within its rights to follow any of the above options listed here – including the second option. However, the Court is familiar with the history of this case (and the companion case, *Heimkes v. Fairhope Motorcoach Resort Condominium Owners Association, Inc.*, Civ. Act. No. 1:22-cv-448) and is well aware that material facts are hotly disputed, despite Defendant's statements that the facts are undisputed. Merely labeling the facts as undisputed does not make it so. Moreover, Defendant relies heavily at times upon findings made at the preliminary injunction phase of the proceedings which is improper to do at the summary judgment stage. Accordingly, the Court declines to find the facts undisputed as presented by the Defendant solely based on poor legal briefing by the Plaintiff. Plaintiff's counsel should note for the future, however, the potential implications of failing to properly comply with Fed. R. Civ. P. 56(e).

Given that the facts in this are heavily disputed by both parties, the Court is unable to reach

a conclusion on most of the arguments presented by the parties at this stage.

For example, the parties dispute whether Plaintiff provided everything necessary for FMRCOA to evaluate her request for a reasonable accommodation. *See* Doc. 113 at 18-19; Doc. 99 at 6-10. In that same vein, they also dispute whether the requested accommodation is necessary. *See* Doc. 113 at 17; Doc. 99 at 10. Further, the Court finds that it there are factual issues as to the ownership and control of some of the common areas – which impact the ability to determine whether the ADA applies to them. These are critical issues and it is not for the Court to make a determination on a summary judgment standard when the Court is required to take the facts in the light most favorable to the non-movants (in this case both parties are non-movants). The facts of this case remain as they have always been—heaving disputed. This alone precludes the ability of the Court to reach meaningful rulings on most of the arguments made in their respective summary judgment motions.

Despite these factual disputes, the Court is able to address the Defendant's statute of limitations argument as it pertains solely to a question of law.

## IV.   DISCUSSION AND ANALYSIS

As noted above, there are many factual disputes that render summary judgment impossible on all of Plaintiff's arguments and on all but one of Defendant's arguments. The Court addresses that one argument below.

**A.   Statute of Limitations for Plaintiff's ADA Claim**

Defendant argues that Plaintiff's claim for discrimination under the ADA is time-barred by the applicable statute of limitations. Doc. 99 at 13. Specifically, Defendant states that Plaintiff was required to file her discrimination lawsuit within two years of the accrual of her cause of action for claimed discriminatory conduct, and she failed to do so. *Id.* at 13-14. Plaintiff counters that

each time Plaintiff was denied the right to take her service dog into the lodge or pool area is a separate and distinct violation of the ADA, so all of the denials that occurred within the two years prior to Plaintiff filing her lawsuit are not due to be dismissed. Doc. 113 at 10-11.

A review of the Complaint shows that Plaintiff alleges the purported discriminatory conduct is ongoing. *Id.* at 15. Further, the Complaint states that Plaintiff took her dog to the pool area at FMR on December 8, 2022, during which time the President of FMRCOA "informed her that her accommodation was denied and she was going to be fined for bringing her 'pet' into the pool area." Doc. 1 at 16. This alleged violation occurred only eight days before Plaintiff filed her Complaint. Thus, there was at least one occasion of alleged discrimination that occurred within the relevant statutory period.

Accordingly, Defendant's motion for summary judgment is due to be denied as it pertains to the statute of limitations for Plaintiff's ADA claim. It may very well be that certain particular factual matters may fall outside the statute of limitations, but given the ongoing violation nature of the complaint, that can be resolved at the trial stage.

**B.     Remaining Arguments**

The remaining arguments set forth in the motions for summary judgment by both Plaintiff and Defendant cannot be resolved on summary judgment because the material facts are hotly disputed. Thus, they are better suited for resolution at trial where the Court can engage in factfinding.

**V.     CONCLUSION**

Accordingly, Defendant's Motion for Summary Judgment (Doc. 99) and Plaintiff's Motion for Summary Judgment (Doc. 100) are both **DENIED**. This matter will be set for a bench trial.

**DONE** and **ORDERED** this the 8th day of April 2025.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE
